## 51718. HOWARD SHEPPARD, INC. v. McGOWAN et al.

CLARK, Judge.

This appeal by Howard Sheppard, Inc. in a workmen's compensation case asserts error on three grounds: (1) There was no relationship of master-servant; (2) the finding of the administrative judge is contrary to

the rules of the Public Service Commission governing common carriers; and (3) the evidence does not support the facts found by the administrative judge.

Appellant is a Class B Common Carrier operating about 25 trucks. On July 19, 1974, when Joseph F. McGowan, Jr. applied for employment as a truck driver he was informed that as a requirement for employment he would have to meet certain standards stated in the Motor Carrier Safety Regulations. These included a road test to demonstrate his ability to handle the type of equipment he would be expected to drive. On the following Monday he reported for the road test which was administered by using a ten-wheel tractor pulling an eight-wheel dump body trailer. He was accompanied by a company employee. He worked that entire day in hauling heavy loads of sand. The employee supervisor reported that McGowan had failed the test, but on the following day the same equipment was assigned to him with directions for him to haul crushed stone from a quarry. He was to travel alone and be followed by another employee who was to test him through observation. On this day he made two trips for appellant, driving in excess of 250 miles and transporting approximately 20 tons of crushed stone or gravel on each trip. At the end of his second day's work he was advised that he again had not passed the test.

Notwithstanding the failures of the two previous days the same tractor-trailer rig was turned over to him on the following day with instructions to resume the hauling of gravel from the quarry. After making one trip during which he was apprehended for speeding, he was returning to the quarry for another load when he was killed in a motor vehicle-railroad crossing collision.

Appellant contended these tests were for the purpose of determining whether McGowan would be employed and that the decision would have been to declare him unqualified for employment, particularly since the speeding violation alone would have merited this conclusion. Appellant did not learn of this violation until after the fatal accident.

Although we are faced with a unique set of facts, the principles of law that are applicable have been well established. Because of the excellence of the extensive

briefs supplied by attorney for the appellee, we deem it appropriate to adopt the recital of these controlling principles[1] directly from counsel's brief without quotation marks. They are:

1. A finding of fact by a director or deputy director of the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact, merely because he disagreed with the conclusions reached therein. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 19 (1) (35 SE2d 521) and cits.

2. Upon appeal from an award of the State Board of Workmen's Compensation granting compensation, evidence will be construed in a light most favorable to party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180).

3. Every presumption in favor of validity of award of Board of Workmen's Compensation should be indulged in by reviewing court. *Employer's Ins. Co. v. Brackett,* 114 Ga. App. 661 (152 SE2d 420).

4. Neither Superior Court nor Court of Appeals has any authority to substitute itself as fact finding body in lieu of Board of Workmen's Compensation. *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12).

5. Weight and credit to be given testimony of witnesses and conflicts in evidence are for determination by Workmen's Compensation Board. *Wilson v. Aragon Mills,* 110 Ga. App. 392 (138 SE2d 596); *Travelers Ins. Co. v. Tucker,* 116 Ga. App. 414, 415 (157 SE2d 802).

6. Hearing director and full board are vested with exclusive authority to weigh evidence in Workmen's

---

[1]In view of the numerous workmen's compensation appeals, our court believes restatement of these doctrines is appropriate. Lawyers for both employers and employees should measure their cases by these criteria before advising clients to appeal.

Compensation Proceedings. *Zurich Ins. Co. v. McDuffie,* 117 Ga. App. 90, 91 (2) (159 SE2d 423).

7. Deputy director and the full Board of Workmen's Compensation as fact finders have exclusive prerogative of weighing evidence, including determinations of credibility of witnesses; the courts on appeal are bound by findings if supported by any evidence. *General Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 866 (1) (182 SE2d 678).

8. The board, in arriving at the truth, may apply all of the rules of law with reference to the credibility of the witnesses testifying, their intelligence, their means and opportunity of knowing the facts to which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest, and their personal credibility so far as the same legitimately appears from the trial. *American Mut. &c. Ins. Co. v. Gunter,* 74 Ga. App. 500, 515 (40 SE2d 394).

9. The testimony of a witness is to be considered as a whole and not in disjointed parts. Nor is the Department of Industrial Relations (now Workmen's Compensation Board) bound in every way to accept the literal statements of a witness before it, merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts and in still other ways the question of what is the truth may remain an issue of fact, despite uncontradicted evidence in regard thereto. *Cooper v. Lumberman's Mut. &c. Co.,* 179 Ga. 256, 261 (175 SE 577).

Applying those nine principles to the instant case we affirm the award to the widow and minor dependent claimants.

The facts show a master-servant relationship. The employer testified he received payment for those loads of gravel and sand transported during three successive days by the decedent. Therefore, the appellant received the benefit of McGowan's services. Rendition of services valuable to another implied a promise to pay the reasonable value thereof. Code § 3-107. Nothing in the Georgia Public Service Commission regulations forbids payment for services rendered this motor common carrier. Nor do those regulations permit a party from being held illegally to be an employer when there is shown sufficient

evidence to satisfy the criteria for creating a mas-
ter-servant relationship, such as right of control over the
person including time, manner, means, and method of
his work for a three-day period.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Argued January 13, 1976 — Decided January 28, 1976.

*Thomas A. Hutcheson,* for appellant.
*Paul J. Jones, Jr., Eric L. Jones,* for appellees.