## 59601. MANSFIELD ENTERPRISES, INC. et al. v. WARREN et al.

SOGNIER, Judge.

Mansfield Enterprises, Inc. appeals from an order of the Superior Court of Clay County setting aside an award of the State Board of Workers' Compensation which denied benefits to appellees. Appellees are the widow and minor children of Danny Lashley, who was killed during a robbery at appellants' store. Lashley was an applicant for the job of store manager. The evidence disclosed that Lashley worked at the store for two days prior to the shooting and had been recommended for the position by the acting manager of the store. The evidence also disclosed that deceased had worked the cash register, stocked shelves and waited on customers. The board, upon de novo consideration of all the evidence, found that a contract for hire could not be implied from the evidence presented. The board made no mention in its findings of fact that the deceased had worked at the store during the time that he was being considered for the job. The board found that there had been no "meeting of the minds between deceased and Mansfield and a contract for hire never came into existence."

The Superior Court reversed the board's award as being contrary to law and ordered that the matter be recommitted to the board for further consideration of the evidence. We affirm.

We are mindful of the controlling principles of appellate review in workers' compensation cases as articulated and adopted by this court on numerous occasions, and we agree that the board's award, when supported by any evidence, is conclusive and binding. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408 (224 SE2d 65) (1976); *Argonaut Ins. Co. v. Cline,* 142 Ga. App. 603, 605 (236 SE2d 876) (1977); *Maryland Casualty Co. v. Jenkins,* 143 Ga. App. 192, 193 (237 SE2d 664) (1977). However, the award cannot be based upon an erroneous legal theory which precluded consideration by the board of evidence which, if considered, would have authorized a contrary result. *Williams v. Morrison Assurance Co.,* 138 Ga. App. 191, 193 (225 SE2d 778) (1976); *Fidelity & Casualty Co. v. Hodges,* 108 Ga. App. 474, 475 (133 SE2d 406) (1963).

The superior court based its reversal on *Howard Sheppard, Inc. v. McGowan,* supra, a case which involves a factual situation similar to the instant case. There the employer was considering an applicant for a job as truck driver. The applicant worked for the employer for three days so that the employer could determine the applicant's qualifications for the job. No contract for hire ever came into existence in that case. In fact, the employer had decided not to hire the applicant when on the third day of his test period the applicant was killed driving the employer's truck. Based on these facts this court held that the evidence showed a master-servant relationship; that the employer received the benefit of the deceased's services; and that rendition of services valuable to another implied a promise to pay the reasonable value thereof. Id. at 411. Here, as in *Howard Sheppard, Inc.,* the evidence satisfied the legal criteria for creating a master-servant relationship, such as the right of control over the person including time, manner, means and method of his work for two days. See also *Barbree v. Shelby Mut. Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905) (1962). While the triers of fact are not obliged to believe testimony which they discredit, the evidence here, offered by an unimpeached witness, cannot be arbitrarily disregarded. *Roper v. General Motors Corp.,* 121 Ga. App. 163, 165 (173 SE2d 240) (1970); *Brown Transport Co. v. Parker,* 129 Ga. App. 737, 740 (201 SE2d 17) (1973). The board, applying the correct legal principles, was authorized to find that the deceased was an employee within the meaning of the Workers' Compensation Act. Code Ann. § 114-101.

The board's requirement that a "meeting of the minds" exist between the deceased and the employer before a contract for hire could come into existence is an erroneous legal theory as applied to the facts of this case. Where it affirmatively appears from the award in a workers' compensation case that said award is based upon an erroneous legal theory, and that for such reason the board or the hearing examiner has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mut. Ins. Co.,* supra, p. 187; *Williams v. Morrison Assurance Co.,* 138 Ga. App. 191, 193, supra. Accordingly, the superior court was correct in reversing the award.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MARCH 6, 1980 —
DECIDED JUNE 13, 1980 —

*George P. Donaldson, III,* for appellants.
*Leonard H. Conger,* for appellees.