## 59608. YELLOW CAB COMPANY et al. v. WORRELL.

SOGNIER, Judge.

Upon the first appearance of this case this court held that Worrell was an employee entitled to workers' compensation benefits from the taxicab company whose vehicle she was driving, and reversed a finding that she was an independent contractor, not covered by workers' compensation. *Worrell v. Yellow Cab Co.,* 146 Ga. App. 748 (247 SE2d 569) (1978); followed in *University Cab v. Fagan,* 150 Ga. App. 404 (258 SE2d 21) (1979), affd. 245 Ga. 469 (1980). On remand the Administrative Law Judge found there was a compensable injury and from appellee's uncontroverted testimony that she earned $35 a day six days a week, made an award of benefits based upon an average weekly wage of $210, plus medical expenses. The award was affirmed by the full board and the superior court. We granted discretionary appeal.

1. Appellants' contention that the payment of wages is necessary to bring one within the Workers' Compensation Act is without merit. While *Fidelity & Casualty Co. v. Windham,* 209 Ga. 592 (74 SE2d 835) (1953) did turn on this point, *Windham* was distinguished for its lack of a regulatory ordinance in *Diamond Cab Co. v. Adams,* 91 Ga. App. 220 (85 SE2d 451) (1954) and its progeny, including the instant case on its first appearance. Having obtained its permit pursuant to such an ordinance, Yellow Cab may not delegate its duties as an operating company to its drivers by leasing Yellow Cab's cars to its drivers, rather than paying wages, in order to avoid workers' compensation liability. *Worrell v. Yellow Cab Co.,* supra at 749 (1, 3).

2. The award of the ALJ was supported by sufficient, competent evidence, affirmed by the full board and the superior court, and it will not be disturbed. *University Cab v. Fagan,* supra. However, the award failed to find which of the parties designated as employers in the claim are liable for the payment of benefits. While it is implicit in the record that United Cab, doing business as Yellow Cab, was the claimant's immediate employer, the ALJ made no findings of fact as to whether any or all of the related business entities named in the claim were subject to joint or several liability as employers. This is particularly important since without such a finding there can be no standard contribution to the payment of compensation in proportion to the wage liability (in this case, wage equivalency) of each employer as provided by Code Ann. § 114-419. Under such circumstances, we have no recourse but to remand the case once again for a hearing and determination of this issue.

*Judgment affirmed in part and remanded for additional*

*findings. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 6, 1980 — DECIDED JUNE 20, 1980.

*Harris Bullock, Glen H. McQueen, Jr.,* for appellants.
*Charles E. Moore, Bruce D. Duncan,* for appellee.