63971. WARREN et al. v. MANSFIELD ENTERPRISES, INC. et al.

SOGNIER, Judge.

This is the second appearance of this workers' compensation case in this court. See *Mansfield Enterprises, Inc. v. Warren,* 154 Ga. App. 863 (270 SE2d 72) (1980). In the first appeal we held that Danny Lashley, the deceased husband of appellant Warren, was an

employee of Mansfield Enterprises, Inc. for purposes of workers' compensation. The case was remanded to the board for further consideration. On remand, the ALJ found that Mansfield Enterprises, Inc. did not have three employees "regularly in service" in accordance with Code Ann. § 114-107 and denied benefits to Lashley's widow. The full board on de novo consideration of the evidence adopted the findings and conclusions of the ALJ and the Superior Court affirmed. We granted this discretionary appeal.

Appellant contends that the trial court erred in affirming the award of the Workers' Compensation Board and denying her claim for benefits. Appellant argues that the question whether Mansfield Enterprises, Inc. had three employees regularly in service was decided in the earlier proceedings and could not be raised on remand. Appellee argues that the ALJ, on de novo consideration of *all* the evidence, determined that Mansfield Enterprises, Inc. did not have three employees regularly in service, and that if there is any evidence to support the award, it must be affirmed.

Evidence was presented at the original hearing before the ALJ (the transcript of said hearing being reviewed on remand) that Mansfield Enterprises, Inc. had two part-time employees. The evidence also disclosed that appellee had one temporary employee and Danny Lashley, neither of whom were "regularly in service." Mansfield Enterprises' motion to dismiss on the ground that it did not have three employees was denied. However, no findings of fact nor conclusions of law were made on this issue, nor was the issue raised on the first appeal. Whether or not Mansfield Enterprises came under the provisions of the act, as determined by the number of persons in its employment, is a question of fact which might have been put in issue at the time of the original hearing, or at the time the case was remanded to the board by the Judge of the Superior Court of Clay County on receipt of the remittitur from the Court of Appeals. *Churchwell &c. Co. v. Briggs &c. Co.,* 89 Ga. App. 550, 554 (80 SE2d 212) (1954).

On remand, the ALJ found that Mansfield Enterprises did not have three employees regularly in service. The finding was supported by the evidence and we will not disturb it. *Nationwide Mut. Ins. Co. v. Davis,* 146 Ga. App. 68 (245 SE2d 322) (1978); *Argonaut Ins. Co. v. Cline,* 142 Ga. App. 603 (236 SE2d 876) (1977).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1982 —
REHEARING DENIED OCTOBER 8, 1982.

*Leonard H. Conger,* for appellants.
*Robert B. Langstaff,* for appellees.