A89A1948. ECHO ENTERPRISES, INC. et al. v. ASPINWALL.
(390 SE2d 867)

CARLEY, Chief Judge.

The relevant facts in this workers' compensation case are as follows: For a number of years, appellee-claimant has worked as a general handyman for appellant-Echo Enterprises, Inc. (Echo) and is paid on an hourly basis. Echo is in the business of land clearing and bridge building. At the time of his injury, appellee was not engaged in any maintenance work on Echo's premises. Instead, he was painting the personal residence of Earl Echols, a co-owner of Echo. Nevertheless, appellee was acting at Echo's direction and was being paid by Echo to paint Mr. Echols' home. After his injury, appellee sought workers' compensation benefits from Echo. Echo and its appellant-insurer controverted appellee's entitlement to benefits. After a hearing before an Administrative Law Judge (ALJ), appellee was awarded benefits. On de novo review, the Full Board, with one dissent, adopted the award of the ALJ. On appeal to the superior court, the Full Board's award was affirmed. The application of Echo and its insurer for a discretionary appeal from the order of the superior court was granted.

1. The failure of the superior court to reverse the Full Board's finding that appellee is an employee of Echo rather than an indepen-

dent contractor is enumerated as error.

" 'The question of whether a person is an employee is one of fact, and, where there is any evidence to sustain the [B]oard's finding of fact, the [superior] court should not interfere. [Cits.]' [Cit.]" *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394, 396 (1) (370 SE2d 517) (1988). The evidence shows that, in his capacity as general handyman for Echo, there was no definite beginning, continuance and ending to appellee's employment, such as would be the case with an independent contractor. Although Echo did not make income tax and social security deductions from appellee's paychecks, Echo did cover appellee under its group medical insurance program. Despite some irregularity in his weekly work hours, appellee's insurance application indicated that he was employed by Echo and that he regularly worked at least 30 hours per week. Although Echo did not exercise the right to control the time, manner, method and means of appellee's performance, the evidence authorized the finding that Echo did have the right to exercise such control if it had chosen to do so. On this evidence, the superior court did not err in affirming the Full Board's finding that appellee was an employee of Echo and not an independent contractor. See *Malcom v. Sudderth*, 98 Ga. App. 674 (106 SE2d 367) (1958). Compare *State of Ga. v. Goolsby*, 191 Ga. App. 161 (381 SE2d 299) (1989).

2. OCGA § 34-9-2 (a) provides, in relevant part, that the Workers' Compensation Act does not "apply to employees whose employment is not in the usual course of trade, business, occupation, or profession of the employer or not incidental thereto. . . ." See also OCGA § 34-9-1 (2). The superior court's failure to reverse the Full Board's finding that appellee was not such an exempt employee is enumerated as error.

As noted, Echo is in the business of land clearing and bridge building and appellee was not engaged to participate directly in those activities. However, appellant's employment in the capacity as Echo's general handyman was incidental to the usual course of Echo's business. See *Continental Cas. Co. v. Haynie*, 182 Ga. 608 (1) (186 SE 683) (1936); *Unigard Mut. Ins. Co. v. Hornsby*, 134 Ga. App. 157, 158 (1, 2) (213 SE2d 538) (1975); *Wender & Roberts v. Jones*, 95 Ga. App. 82 (1) (97 SE2d 160) (1957). Compare *Hartford Accident &c. Co. v. Thompson*, 167 Ga. 897 (147 SE 50) (1929).

It is true that, at the time of his injury, appellee was painting Mr. Echols' personal residence and that house painting is not Echo's usual business. It is also true, however, that appellee was painting Mr. Echols' house at Echo's direction and was being paid by Echo and not by Mr. Echols. Having initially hired appellee as its general handyman, Echo cannot rely upon OCGA § 34-9-2 (a) and urge that appellee was an exempt employee while he was painting Mr. Echols' home

at its direction and expense. Although there is no controlling Georgia case, persuasive authority compels the conclusion that the proper construction of OCGA § 34-9-2 (a) is as an exemption from eligibility for compensation of those persons who are initially employed for the specific purpose of engaging in activity that is not in the usual course of business of the employer. "It cannot be used to exclude employees *employed* for the purpose of performing work in the usual business of the employer who happened to be, at the time of the accident, engaged in work outside the usual course of the employer's business, at the direction . . . of the employer." (Emphasis in original.) *Yearout v. Trusty*, 684 SW2d 612, 614 (II) (Tenn. 1984).

3. On appeal, it is urged that the superior court erred in affirming the award because appellee's injury did not arise out of and in the course of his employment as appellant's handyman. See *American Mut. Liability Ins. Co. v. Lemming*, 187 Ga. 378 (200 SE 141) (1938). Compare *Glen Falls Ins. Co. v. Merck*, 117 Ga. App. 163 (159 SE2d 300) (1968). However, none of appellant's enumerations of error is sufficiently broad so as to authorize the consideration of that argument on appeal. Appellant's only enumerations of error raise the issue of appellant's status as an independent contractor and an exempt employee under OCGA § 34-9-1 (2). Those issues of appellee's status as an employee covered under the provisions of the Workers' Compensation Act have been discussed in Divisions 1 and 2 and the separate issue of whether, conceding appellee's status as a covered employee, he suffered a compensable injury arising out of and in the course of his employment as required under OCGA § 34-9-1 (4) cannot be reached.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in Division 1 and in the judgment.*

DECIDED JANUARY 23, 1990 —
REHEARING DENIED FEBRUARY 9, 1990 —

*Young, Young & Clyatt, Robert M. Clyatt, Daniel C. Hoffman*, for appellants.
*Dennis J. Strickland*, for appellee.