A92A2198. HARRIS v. SEABOARD FARMS OF
ELBERTON et al.
(427 SE2d 524)

BLACKBURN, Judge.

The claimant, Genora D. Harris, began experiencing pain in her right arm in January of 1989 while cutting chicken breasts for Seaboard Farms of Elberton (employer). She received weekly indemnity benefits from July 21, 1989, through August 28, 1989, at which time these benefits were unilaterally suspended by Seaboard, and its insurer, Hartford Insurance Company (insurer), based upon the claim-

ant's release to return to work without restrictions and release to return to work in a light duty capacity. The claimant subsequently requested a hearing before an administrative law judge (ALJ) and in his award of December 14, 1989, the ALJ found that the suspension of benefits was proper. The ALJ further found that benefits were properly reinstated after the employee had undergone surgery on her right elbow in November of 1989. He also noted that the claimant remained disabled as of the day of the hearing.

The claimant was later released to return to work in a light duty capacity by Dr. Ormonde Mahoney on February 23, 1990. Based upon this light duty release, the claimant attempted to return to work with this employer on February 26, 1990. After working as a cup sizer for approximately two hours, the employee was forced to cease work as a result of the extreme pain in her right arm. She informed her supervisor of the difficulty that she had with her arm, and subsequently left the employer's premises. The employee sought medical treatment from Dr. Mahoney, and Dr. Mahoney indicated that he could not see any reason why the employee could not continue working in a light duty capacity. The employee has also been treated at the chronic pain control clinic at the Medical College of Georgia upon the referral of Dr. Glenn Poon.

The employer and its insurer again unilaterally suspended the employee's weekly indemnity benefits on February 27, 1990, based upon the employee's release to return to work without restrictions from the authorized treating physician. Another hearing was held before an ALJ at the request of the employee, and the ALJ in his award of October 24, 1990, found that the employee was unable to perform the cup sizer job that had been offered to her by the employer, warranting a recommencement of her weekly benefits. The employer and its insurer appealed the ALJ's award to the Full Board and on May 13, 1991, the Board issued an interlocutory order, remanding the claim to an ALJ to receive additional medical evidence on the employee's ability to return to work in the position that had been offered to the employee by the employer. Pursuant to the Board's interlocutory order, Dr. Francis Watson, an orthopedist, examined the employee on August 16, 1991, and opined that the employee had developed reflex sympathetic dystrophy of the right upper limb after her November 1989 surgery and would not have been capable of returning to any occupation which involved the use of her right hand since the surgery. However, he noted that if the job required only the use of her left hand, the employee would have been capable of performing that job. After receiving the report of Dr. Watson, the Board, in its award of February 20, 1992, with one member dissenting, essentially adopted the award of the ALJ, affirming the ALJ's finding that the claimant was unable to perform the offered job. The

employer and its insurer appealed the award to the Superior Court of Elbert County, which on May 12, 1992, reversed the award of the Full Board, finding that no evidence existed in the record to support the claimant's inability to do light work. We granted the appellant's application for discretionary appeal.

The appellant contends that the trial court erred as a matter of law in reversing the award of the State Board of Workers' Compensation by failing to adhere to the "any evidence" standard of review as prescribed by OCGA § 34-9-105 and thereby substituting its interpretation of the evidence for that of the Board. As provided in OCGA § 34-9-105 (c) (3) and (4), the findings made by the members of the Board within their powers shall be conclusive, in the absence of fraud, and shall be set aside if "[t]he facts found by the members do not support the decision," or if "[t]here is not sufficient competent evidence in the record to warrant the members making the decision." "The exclusive authority to make findings of facts in claims under the Georgia [Workers'] Compensation law is vested in the State Board of [Workers'] Compensation. [Cit.] Neither the superior court nor this court has the authority to substitute itself as a fact-finding body in lieu of the board. [Cits.]" *Employers Ins. Co. of Ala. v. Amerson*, 109 Ga. App. 275, 277 (2) (136 SE2d 12) (1964). "[T]he Board is presumed, in the absence of a showing [to the contrary] to have based its award only on legal evidence having probative value." *Zurich Ins. Co. v. Hightower*, 113 Ga. App. 503, 506 (148 SE2d 464) (1966). "It is mandatory upon this court . . . to examine the record to see if there is sufficient competent evidence in the record to support the award." *Chevrolet-Atlanta Div., GMC v. Nash*, 81 Ga. App. 671, 680 (59 SE2d 681) (1950). In an appeal from an award of the State Board of Workers' Compensation granting compensation, "[t]he evidence [will be] construed in [a] light most favorable to the prevailing party. [Cit.]" *King v. James King Cleaners & Laundry*, 199 Ga. App. 796 (405 SE2d 909) (1991).

At the hearing of April 17, 1990, before the ALJ, the employee testified that the cup sizer job that she attempted to perform on February 26, 1990, required the use of both hands. In this position, she had to pick up pieces of chicken and place them in cups on a conveyor belt. The employee is right-hand dominant. She further testified that she could not perform the job with just one hand and had not been told that she did not have to keep up with production. Although Dr. Mahoney indicated in his medical records of that date that he could not see any reason why the employee could not continue working in a light duty capacity, the employee testified that she was unable to continue in the position because of the extreme pain in her arm. The medical report of Dr. Watson also supported the employee's contention that she was unable to perform the offered position if it

required the use of both hands. The Board considered the testimony of the witnesses as well as the medical evidence, placed greater weight on the evidence presented by the claimant, and found as fact, as did the ALJ, that the employee was physically unable to handle the light duty position offered by the employer.

"A finding of fact by a director or deputy director of the State Board of Workman's Compensation, when supported by the evidence, is conclusive and binding upon the court, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact, merely because he disagreed with the conclusions reached therein. [Cits.]" *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (1) (224 SE2d 65) (1976). "The superior court, when sitting as an appellate body, is bound by the 'any evidence' standard of review and is not authorized to substitute its judgment as to weight and credibility of the witnesses. [Cit.]" *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 481 (1) (382 SE2d 150), cert. denied, 191 Ga. App. 922 (1989). Viewing the evidence under the any evidence standard, we find that the superior court went beyond its authority because there was some evidence to support the award of the Board. Accordingly, the judgment of the superior court must be reversed.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993.

*Morgan & Silver, Kent E. Silver, Arthur S. Archibald*, for appellant.

*Perry M. Sartain*, for appellees.

