A92A2078. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY et al. v. COX.

(427 SE2d 862)

COOPER, Judge.

Appellants are appellee's former employer and its workers' compensation insurance carrier. We granted appellants' application for discretionary appeal to consider whether the superior court erred in reversing the decision of the Workers' Compensation Board that appellants were not liable to appellee for additional workers' compensation benefits.

Appellee suffered a lower back injury in a work-related fall in 1988, resulting in surgery to remove a ruptured disk. In 1989, he was hospitalized with back pain as the result of a work-related truck accident. Appellee received workers' compensation benefits for these two injuries and returned to work after each. In June and August 1990, he was again hospitalized with back pain and was diagnosed as suffering from central pain syndrome and emotional problems. Appellant employer fired appellee in October 1990 for continued absenteeism, and appellee was unable to secure other employment. Appellee then sought additional workers' compensation benefits for his earlier work-related injuries under the theory that there had been a change of condition. See OCGA § 34-9-104 (a) and (b). The record contains testimony and documentary evidence from appellee's orthopedic surgeon and his psychiatrist, as well as from appellee, his wife and his employer. Some evidence indicates that appellee's current physical and psychological disabilities resulted from a gradual worsening of the condition appellee was left in by the earlier, compensable injuries, but other evidence suggests his current problems were brought on by specific incidents which were unrelated to his employment and occurred while appellee was working in his yard and around his home. The administrative law judge ruled that appellee had not met his burden of establishing a change of condition, and the full board adopted the decision of the ALJ as its own. The trial court reversed, holding that the board's decision was based on erroneous legal theories because it (1) placed the burden of establishing a change of condition on appellee and (2) ignored the unrefuted testimony of appellee's psychiatrist that appellee's current psychological problems stem from appellee's 1988 fall and resulting surgery.

1. Appellants first argue that the trial court erred in concluding that appellee did not bear the burden of showing a change of condition. We agree. The law is clear that " '[i]f an employee has actually

returned to work after having received compensation, and then alleges a further inability to work, then the burden of proof is upon that employee to show that he has undergone a change in condition.' " *Cornell-Young v. Minter*, 168 Ga. App. 325, 328 (1) (309 SE2d 159) (1983); see also *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661) (1978). While a claimant's subsequent termination by his employer may constitute a change in condition warranting additional benefits, "the burden was on appellee to show that, after his termination for cause, 'his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury.' [Cit.]" *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 49 (2) (311 SE2d 236) (1983). The trial court distinguished this line of cases on the grounds that appellee returned to work with ongoing restrictions. However, even if we accept the trial court's finding that appellee returned to work with ongoing restrictions — a finding which was not mandated by the record and which the board did not make — there is no legal support for the proposition that the burden disappears or shifts to the employer if the claimant's return to work is with limitations. Indeed, in *Bristol*, the Supreme Court case which established the requirement that the claimant show his inability to secure employment elsewhere was caused by his earlier work-related injury, the claimant apparently returned to work with limitations. See 242 Ga. at 288. Accordingly, the board properly placed the burden of proof on appellee, and the trial court erred in reversing the board's award on this ground.

2. Appellants' contention that the testimony of appellee's psychiatrist did not require a ruling for appellee as a matter of law is also valid. The psychiatrist testified that appellee's psychological problems were caused by his earlier work-related fall and resulting surgery. Although the trial court accepted appellee's assertion that this testimony was unrefuted, a review of the deposition of appellee's orthopedic surgeon reveals evidence that appellee had mild emotional and psychological problems *before* the first work-related injury, that appellee seemed to be doing very well emotionally after his surgery, and that his emotional problems did not intensify and become problematic until after the yard work incident in June 1990. Because the psychiatrist's testimony was not unrefuted, appellee's reliance on *Mansfield Enterprises v. Warren*, 154 Ga. App. 863 (270 SE2d 72) (1980) is misplaced, and the board did not err in finding, contrary to the psychiatrist's testimony, that appellee's problems were not caused by work-related injuries.

In the absence of legal error, the trial court's review of the board's decision should have been based on the "any evidence" standard. *Monticello Mfg. Co. v. Tillman*, 166 Ga. App. 385 (304 SE2d 740) (1983). As there was evidence to support the board's finding that

appellee's disability, if any, was not caused by the work-related injuries, the trial court erred in reversing the board's decision and must itself be reversed.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

Decided February 19, 1993.

*Swift, Currie, McGhee & Hiers, Mark J. Goodman, Michael J. Hofrichter*, for appellants.

*Loftiss, Van Heiningen & Ward, Thomas J. Loftiss II*, for appellee.