## A93A2281. NORTH v. FLOYD COUNTY BOARD OF EDUCATION et al.
### (442 SE2d 809)

JOHNSON, Judge.

We granted Rhonda North's application for discretionary appeal to review the superior court's determination that North was not eligible for benefits because she was not an employee within the purview of the Georgia Workers' Compensation Act.

In August 1991, North applied for a position as a substitute bus driver with the Floyd County Board of Education. In September she began a two-and-one-half week training period which included both classroom and on-the-road assignments. While the training was a prerequisite for employment, North was neither paid during the training period, nor assured that she would ever be hired following its successful completion. On October 3, 1991, North accompanied a school bus driver on her route. After completing the route, the driver continued on to her home where North had left her car. North got off the bus, and while walking toward her car, slipped and fell on an embankment, injuring her ankle. She subsequently filed a claim for workers' compensation benefits.

"The question of whether a person is an employee is one of fact, and, where there is any evidence to sustain the Board's finding of fact, the superior court should not interfere." (Citations and punctuation omitted.) *Echo Enterprises v. Aspinwall*, 194 Ga. App. 444, 445 (1) (390 SE2d 867) (1990). After hearing evidence in the case, an administrative law judge found that North failed to meet her burden of establishing that she was an employee of the Floyd County Board of Education at the time of the injury within the contemplation of the workers' compensation statutes primarily because she had not been guaranteed future employment even if she successfully completed the training, and because she received no compensation from the county

during the training. Both the Appellate Division of the State Board of Workers' Compensation and the Superior Court of Floyd County affirmed the ALJ's decision.

Georgia courts have not directly addressed the issue of whether injuries sustained during the pre-employment period are compensable under workers' compensation statutes, but have analyzed the cases strictly in terms of whether an employer-employee relationship exists at the time of the injury.[1] The dissent treats the three cases upon which it relies as if they shared a single unifying principle which is dispositive of the issue, i.e., if the applicant was under the direction and control of the employer at the time of the injury, there is coverage. In *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976) this court held that there was an implied contract for employment because the employer had received payment for the loads of gravel and sand transported by the applicant for a three-day period prior to his death, not we believe, as suggested by the dissent, because he had been under the direction and control of the employer. In *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394 (370 SE2d 517) (1988), the court, in finding the existence of an employee-employer relationship, noted that the claimant was under the Center's supervision and control and observed that claimant was being paid. The Center was also being compensated from outside sources for the work which claimant performed. Finally, in *Mansfield Enterprises v. Warren*, 154 Ga. App. 863 (270 SE2d 72) (1980) (appeal after remand, *Warren v. Mansfield Enterprises*, 163 Ga. App. 785 (295 SE2d 864) (1982)) the rationale for this court's affirmation of the superior court's reversal of the Board's denial of benefits was that the Board has construed the nature of an employer-employee relationship too narrowly. We agreed that a "meeting of the minds" regarding the existence of an employer-employee relationship is not necessarily required, and to do so would ignore the long accepted concept of implied contracts. North willingly exposed herself to some risk in undertaking the training. The potential benefit flowing to Floyd County from North's training, however, the availability of another driver in a pool of substitute drivers, is not significant enough to demand a finding of an implied contract of employment in this case.

"The exclusive authority to make findings of facts in claims under the Georgia Workers' Compensation law is vested in the State Board of Workers' Compensation. Neither the superior court nor this court has the authority to substitute itself as a fact-finding body in lieu of the board." (Citations and punctuation omitted.) *Harris v.*

---

[1] See Annotation, Workers' Compensation: Compensability of Injury During Tryout, Employment Test, or Similar Activity Designed to Determine Employability, 8 ALR5th 798; *Younger v. City & County of Denver*, 810 P2d 647 (1991).

*Seaboard Farms*, 207 Ga. App. 147, 149 (427 SE2d 524) (1993). With respect to the issue of control over North's activities, which the dissent finds to be the gravamen of the inquiry, the factfinder in this case also considered the conflicting testimony of the Director of Transportation for the Floyd County Board of Education who testified that he did not exercise control over North's activities and would not exercise such control unless and until she was hired as a substitute driver. The question of extent of control over a prospective employee's training is fact intensive and questions of fact in light of conflicting testimony are best resolved by the tribunal established by statute to resolve such matters. Our review of the record in this case does not reveal that the level of control over North's activities by Floyd County was so compelling as to justify this court's interference with the findings of fact of the ALJ and the Board that no employer-employee relationship existed. Those findings are supported by evidence in this record, and we are, therefore, bound to accept them under the "any evidence" standard of review.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Andrews and Smith, JJ., concur. Pope, C. J., McMurray, P. J., Cooper and Blackburn, JJ., dissent.*

BLACKBURN, Judge, dissenting.

I respectfully dissent.

I cannot agree with the majority that the decision of the trial court should be affirmed because the Board applied incorrect principles of law to the facts presented herein. The "any evidence" analysis relied upon by the majority does not apply where the Board's award is based upon an erroneous legal theory. As this Court stated in *Mansfield Enterprises v. Warren*, 154 Ga. App. 863 (270 SE2d 72) (1980), "[w]e are mindful of the controlling principles of appellate review in workers' compensation cases as articulated and adopted by this court on numerous occasions, and we agree that the board's award, when supported by any evidence, is conclusive and binding. [Cits.] However, [such an] award *cannot be based upon an erroneous legal theory which precluded consideration by the board of evidence which, if considered, would have authorized a contrary result.* [Cits.]" (Emphasis supplied.) "Where it affirmatively appears that the award is based upon an erroneous legal theory and not upon proper consideration of the evidence and applicable legal principles, the case should be remanded to the board for further findings. [Cit.]" *Clark v. Fireman's Fund Ins. Co.*, 131 Ga. App. 809, 810-811 (207 SE2d 222) (1974). See also *General Motors Corp. v. Hargis*, 114 Ga. App. 143, 144 (150 SE2d 303) (1966).

Under Georgia law, specifically OCGA § 34-9-1 (2), " '[e]mployee' means every person in the service of another under any con-

tract of hire or apprenticeship, written or implied. . . ." While wages may be corroborative of other facts indicating employment at a given time, it is not itself conclusive of a master-servant relationship. *Yellow Cab Co. v. Worrell*, 155 Ga. App. 41 (273 SE2d 410) (1980); *Travelers Ins. Co. v. Clark*, 58 Ga. App. 115 (197 SE 650) (1938). See also *Oelrich v. Schlagels, Inc.*, 426 NW2d 430 (Minn. 1988).

Contrary to the majority's observations, this court has addressed the issue of whether an applicant is entitled to workers' compensation benefits when a prospective employer exercises control over the time, method, and manner of the applicant's tryout period or training program. In *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394 (370 SE2d 517) (1988); *Warren*, supra; and *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976), this court repeatedly found that job applicants who were not paid by their prospective employers for tasks performed under the direction and control of the prospective employers during their training period were employees within the purview of Georgia's Workers' Compensation Act. Although Barfield was paid a stipend merely for participation in the job training program, taxes were not withheld from his stipend, unlike the regular employees employed by the Center who were paid on an hourly, piecemeal, or annual basis. Nevertheless, in each of those cases, the applicants were deemed employees within the purview of Georgia's Workers' Compensation Act because the evidence *"satisfied the legal criteria for creating a master-servant relationship, such as the right of control over the person, including time, manner, means, and method of his work [during the tryout period]."* (Emphasis supplied.) *Warren*, supra at 864; see *McGowan*, supra at 411-412. "The *chief* test to be applied is whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work. *Any doubt about the claimant's status as an employee must be resolved in his favor."* (Emphasis supplied.) (Citations and punctuation omitted.) *Barfield*, supra at 396.

In the case sub judice, neither the Board, the ALJ, nor the superior court considered the appropriate test in determining North's status at the time that she sustained her disabling injury, and consequently, the case should be remanded to the Board for the Board's re-evaluation of the facts under the appropriate legal standard.

The majority emphasizes the testimony of Floyd County's Director of Transportation that he did not personally exercise control over North's activities during the training period. The Director indicated that his responsibility for the supervision of North's activities would not begin until she was hired by the county as a substitute driver and began driving the school buses. Nonetheless, the Director did not refute North's testimony that she was supervised continuously during her training period by other Floyd County personnel. In fact, the Di-

rector testified that he did observe North during her training period, and further stated on cross-examination that the county employed and paid several of its employees to train prospective employees such as North. Moreover, the Director admitted that he retained the right to terminate North's training period, another factor demonstrating the control exercised by the county over North. However, even if there had been a factual dispute as to control of North by county employees other than the Director of Transportation, in this case, the Board applied the incorrect legal standard to those facts, and accordingly, remand is warranted.

The testimony produced at the administrative hearing showed that county employees who were paid to supervise and train prospective employees did in fact exercise continuous supervision over North's activities during the training period at the direction of the county. While the majority correctly points out that ordinarily the question of whether a person is an employee is one of fact, in a case such as the one at bar "[w]here the facts are undisputed, *the question is one of law. . . .*" (Emphasis supplied.) *Walls v. North Mississippi Med. Center*, 568 S2d 712, 714 (Miss. 1990). See also *Oelrich*, supra at 433.

Notwithstanding the undisputed evidence concerning Floyd County's control over North's activities during the training period, neither the ALJ nor the Board made any factual findings concerning the supervision exercised by Floyd County, and it is unclear from the awards of the ALJ and the Board that such evidence concerning the control exercised by the county over North's activities was even considered. Instead, in determining North's status for workers' compensation purposes, the ALJ and the Board based their decision on the fact that North was not promised wages or guaranteed future employment. This is not the test for determining a master-servant relationship under Georgia's Workers' Compensation Act and *such a test is not supported by statutory or case law.*

Pursuant to the requirements of this training program, and under Floyd County's direction and control, North undertook special risks similar to those she would have undertaken had she been permanently hired as a school bus driver. Contrary to the majority's assertion, it is only in the absence of *any* legal error that an appellate court's review of the Board's decision can be based on the "any evidence" standard. *Independent Life &c. Ins. Co. v. Cox*, 207 Ga. App. 402 (2) (427 SE2d 862) (1993).

The majority opinion adds an additional level of scrutiny to the established principles governing the employer-employee relationship by applying a balancing test and weighing the significance of the benefit provided to the employer during North's training period, impliedly relying upon *Younger v. City & County of Denver*, 810 P2d

647 (Colo. 1991). However, the *Younger* court did not apply the rule of liberal interpretation favoring individuals claiming workers' compensation benefits because such interpretation had been rejected by the Colorado legislature but is required under Georgia law. See *General Motors Corp. v. Hargis*, supra. "After all, our Workers' Compensation Act 'must be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the act.' [Cit.]" *Barfield*, supra at 396.

The author of this dissent does not seek to substitute his findings of fact for those of the ALJ and the Board. It is the ALJ and the Board's failure to apply the appropriate legal standard to the facts presented herein and the majority opinion's failure to recognize this fact that forms the basis of this dissent.

I am authorized to state that Chief Judge Pope, Presiding Judge McMurray and Judge Cooper join in this dissent.

DECIDED MARCH 11, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 —

*Mundy & Gammage, E. Lamar Gammage, Jr., B. Jean Crane*, for appellant.

*Swift, Currie, McGhee & Hiers, John F. Sacha*, for appellees.