A97A0315. HOUSING AUTHORITY, CITY OF CARTERSVILLE et al. v. JACKSON.

(486 SE2d 54)

JOHNSON, Judge.

Hugh Jackson was injured while performing his duties as acting executive director of the Housing Authority of the City of Cartersville. He filed a claim for medical benefits from the Authority's workers' compensation insurer, which contested the claim on the ground Jackson was not an employee. An administrative law judge awarded benefits, and the award was affirmed by the State Board of Workers' Compensation and the superior court. We granted the Authority's petition for discretionary review. For the reasons set out below, we affirm.

1. In a workers' compensation case, both the superior court and this Court must construe the evidence most favorably to the party prevailing before the appellate division of the State Board of Workers' Compensation, and are bound by the State Board's factual findings if there is any evidence in the record to support them. *Cox v. Advoni*, 222 Ga. App. 413, 414 (474 SE2d 290) (1996); see OCGA § 34-9-105 (c) (4). The courts may, however, review the Board's legal conclusions. *Crider's Furs v. Atkinson*, 221 Ga. App. 681, 682 (472 SE2d 507) (1996); see OCGA § 34-9-105 (c) (5).

In the instant case the facts are not in dispute, and we are presented only with a question of law. After retiring from his career as a bank executive, Jackson was appointed to the Board of Commissioners of the Housing Authority of the City of Cartersville. Pursuant to OCGA § 8-3-50 (g), he received no compensation for his service on the Authority board, other than lunch at board meetings and payment of his expenses when he attended meetings on the Authority's behalf.

Twice during Jackson's tenure on the Board, the Authority's

executive director resigned and the other members of the Board asked Jackson to serve as acting executive director until a permanent replacement could be hired. Both times, Jackson accepted. Though this was a full-time position for which a permanent executive director later received an annual salary of $49,500, Jackson agreed to serve with no compensation. As acting executive director, Jackson maintained office hours at the Authority's headquarters from 8:00 a.m. to 5:00 p.m. He was responsible for the Authority's daily operations, including such matters as dealing with architects and contractors; signing payroll and other checks; supervising, hiring, and terminating Authority employees; and dealing with the United States Department of Housing & Urban Development. He was subject to discharge by the Authority's Board of Commissioners.

During his second term as acting executive director, while driving an Authority-owned car on Authority business, Jackson was severely injured in a traffic accident, resulting in medical expenses exceeding $172,000.

2. The Authority contends the superior court erred in affirming the State Board's finding that Jackson was an "employee" entitled to medical benefits under the Workers' Compensation Act. See OCGA §§ 34-9-120; 34-9-200. The Act is to be construed liberally only for the purpose of finding both claimants and employers to be covered by its provisions. OCGA § 34-9-23. Though in a case such as this one a finding of coverage inures to the benefit of the claimant, in other circumstances such a finding would benefit the employer by providing it immunity from tort liability. See, e.g., *England v. Beers Constr. Co.*, 224 Ga. App. 44, 45-47 (1) (479 SE2d 420) (1996). As between employees and employers, the Act is to be construed impartially. OCGA § 34-9-23.

The term "employee" is defined by OCGA § 34-9-1 (2), in pertinent part, to include "every person in the service of another under any contract of hire or apprenticeship, written or implied." The Authority claims because Jackson's agreement was to serve with no compensation, it was not a "contract of hire." We do not agree.

The question of whether an employee-employer relationship exists within the meaning of the Workers' Compensation Act is governed by the same principles that determine the issue under the common law. *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 737, n. 2, 739 (266 SE2d 922) (1980). The main tests are whether the master is granted or assumes the right to control the time, manner, means, and method of executing the work, and whether the master has the right to discharge the servant. *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 638 (176 SE2d 925) (1970); see *Mansfield Enterprises v. Warren*, 154 Ga. App. 863, 864 (270 SE2d 72) (1980). The right to control may be inferred from the right to discharge. *Golosh*, supra. Another factor

to be considered is whether the master receives a benefit from the claimant's services. See *Mansfield Enterprises,* supra. Where one receives valuable services from another, and retains the right to control and discharge the one performing the services, an employment relationship will be inferred under the Act even though no compensation is paid. See *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 411-412 (224 SE2d 65) (1976). Under this test, Jackson was an employee because he was subject to discharge and control by the Authority's Board of Commissioners, who would otherwise have had to pay $49,500 per year for comparable services.

The Authority cites several aged cases for the proposition that, though payment of compensation may be unnecessary to find a master-servant relationship for other purposes, payment is necessary to find an employment relationship under the Act. All these cases predate the Supreme Court of Georgia's holding in *Farmer,* supra, that the test for whether one is an employee is the same under the Act as at common law. These cases also predate *Howard Sheppard, Inc.,* supra, and *Mansfield Enterprises,* supra. The Authority also cites one recent case, *North v. Floyd County Bd. of Ed.,* 212 Ga. App. 593 (442 SE2d 809) (1994). *North* does not hold that one must be paid to be an employee under the Act. Rather, the *North* majority affirmed the State Board's finding that North was not an employee because there was some evidence she was not subject to the defendant's control, and because the defendant received no significant benefit from her services. Id. at 594-595. The four *North* dissenters argued that the case should be remanded to the State Board because it had failed to enter factual findings on the level of control to which North had been subject, which the dissent considered to be the crucial question. Id. at 596. The opinion recites that North received no compensation, but neither the majority opinion nor the dissent accorded this fact significance. Id. at 593-594, 596.

We do not hold that compensation, or the lack of it, is irrelevant to the issue of whether one is an employee under the Act. We merely hold it is not controlling. "Payment of money may be corroborative of other facts indicating employment at a given time, but is not of itself conclusive." *Travelers Ins. Co. v. Clark,* 58 Ga. App. 115, 125 (197 SE 650) (1938). This approach is consistent with modern Georgia precedent and with the approaches of some other states that require one to work under a "contract of hire" or "contract of employment" to be considered an employee for workers' compensation purposes. See *Gourdin v. SCERA,* 845 P2d 242, 244-245 (Utah 1992), and *Gotto v. ARA Living Ctr.,* 570 S2d 1172, 1174-1175 (La. App. 1990). Because the Authority's Board of Commissioners had the power to control and discharge Jackson, and his services were of significant economic value to the Authority, the superior court did not err in upholding

the State Board's finding that he was an employee.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 14, 1997 — 

 Before Judge Roach.

*Drew, Eckl & Farnham, Lawrence L. Bennett, Jr.,* for appellants.
*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellee.