A04A0929. ATLAS CONSTRUCTION COMPANY, INC. et al.
v. PENA.
(602 SE2d 151)

ANDREWS, Presiding Judge.

Atlas Construction Company, Inc. and the Georgia Insurers' Insolvency Pool (GIIP) (acting in place of Atlas's insolvent workers' compensation insurer) appeal from the order of the Candler County

Superior Court affirming the award of workers' compensation benefits to Adaly Castillo Pena for injuries suffered in a job-related automobile accident. Atlas and GIIP claim the award cannot be sustained because there is no evidence that Pena was an employee of Atlas, either by statute pursuant to OCGA § 34-9-8 or by direct employment. We find there was evidence to support the conclusion that Pena was directly employed by Atlas and affirm the award of benefits.

The administrative law judge (ALJ) found, in effect, that at the time of the accident, Pena and his brother were partners in a vinyl siding installation business that was employed as a subcontractor by Atlas, an intermediate contractor on the construction project. Although there was evidence that the Pena partnership had an independent contractor rather than an employer/employee relationship with Atlas, when the evidence is construed in the light most favorable to the award, there is some evidence that Pena and his brother were Atlas employees because Atlas exercised control and direction over the time, manner and method in which the partnership performed its work. *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394 (370 SE2d 517) (1988); *Olde South Custom Landscaping v. Mathis*, 229 Ga. App. 316 (494 SE2d 14) (1997). There was testimony from Pena and his brother that they received directions from Atlas on how to perform the work, and Pena's brother testified that an Atlas representative established the time during which the work was to be performed. Pena's brother said he sometimes acted on behalf of Atlas during meetings on the jobsite and for delivery of supplies to Atlas, and he testified that, after the accident, Atlas "transferred" him to another location. Any doubt about whether Pena was an employee of Atlas must be resolved in his favor, and a finding that he was an employee must be sustained if it is supported by any evidence. *Barfield*, 187 Ga. App. at 396 (1); *Echo Enterprises v. Aspinwall*, 194 Ga. App. 444, 445 (390 SE2d 867) (1990). We conclude there was evidentiary support for the ALJ's finding that, at the time of the accident, Pena was an Atlas employee entitled to claim workers' compensation benefits from Atlas. OCGA § 34-9-1.

It also appears, though less than clearly, that the ALJ found Pena qualified as a statutory employee of Atlas under OCGA § 34-9-8. If so, this was error because, as a partner, Pena was a principal rather than an employee of the subcontractor partnership, and thus could not qualify as a statutory employee of Atlas under OCGA § 34-9-8 (a). *United States Fidelity & Guaranty Co. v. Neal*, 188 Ga. 105 (3 SE2d 80) (1939); *Sherwin-Williams Co. v. Escuadra*, 224 Ga. App. 894 (482

SE2d 505) (1997).[1] In any event, although the appellate division wholly adopted the ALJ's decision, the superior court affirmed the appellate division only on the basis that Pena was directly employed by Atlas and was injured in an accident arising out of and in the course of the employment. Accordingly, we affirm the superior court because there was some competent evidence to support the court's order affirming the appellate division. OCGA § 34-9-105.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 30, 2004 —
RECONSIDERATION DENIED JULY 16, 2004 — ■

*Savell & Williams, Gregg M. Porter, Laurel C. Schmitt*, for appellants.

*Taylor & Viers, Richard T. Taylor, Lowendick, Cuzdey, Ehrmann, Wagner & Stine, Frederick J. Conklin, Jr., Ruben J. Cruz*, for appellee.

---

[1] Pena did not elect under OCGA § 34-9-2.2 to be included as an employee under the partnership's workers' compensation insurance coverage. In any event, the ALJ found that the Pena partnership failed to renew its coverage prior to the accident. Even though Pena had no coverage under his own partnership, this did not prevent him from claiming coverage under the workers' compensation policy of Atlas as an employer of the partnership. *Peters v. Kevin Moody Constr.*, 223 Ga. App. 133-134 (476 SE2d 772) (1996).