### 36457. COULTER v. ROYAL INDEMNITY CO. *et al.*

DECIDED JANUARY 30, 1957—REHEARING DENIED FEBRUARY 14, 1957.

*McGowan & McGowan*, for plaintiff in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan*, contra.

GARDNER, P. J. For the requirements as to notice of accident, see Code §§ 114-303 and 114-304. Counsel for the claimant contends that notice as required by law was given and that therefore the award was based on an erroneous finding of fact and conclusion which was not sustained by evidence or law. The evidence shows that, immediately after the accident in question the claimant's foreman got the claimant's time card and sent the claimant to the personnel office to be checked out; that the personnel officer was in a meeting and was contacted by telephone by his secretary; that the secretary was told to tell the claimant to get a doctor's certificate, without further direction; that the claimant left immediately and consulted a doctor connected with the Veterans Administration and was hospitalized for a long length of time. The claimant testified that his wife went to the personnel office two days after the accident and reported the accident. D. S. Powell, a witness for the claimant, who worked along with the claimant, testified that Mr. Vickery, the claimant's immediate supervisor, told the claimant to go up a ladder, which he did. The supervisor then told the claimant to pile some 36 to 40 lengths of two-by-four lumber; that when the claimant piled the lumber he "caught his back"; that Mr. Vickery called the claimant to tell him to go to the personnel office. A witness for the employer and insurance carrier stated that the claimant's wife came in two days after the accident to get some insurance forms or pick up compensation check and in the conversation she

stated that the claimant was hurt, but the witness testified that the claimant's wife denied that the claimant was hurt on the job.

Inasmuch as the award of the State Board of Workmen's Compensation was based in its entirety on alleged lack of notice, we will deal with this point only. The award does not question benefits due or not due. We concede, as counsel for the employer and/or insurance carrier aver, that an award made on finding of facts, supported by any evidence, must be affirmed by this court. This has been uniformly held by the appellate courts of Georgia. It has also been held equally consistently, that the Workmen's Compensation Act is remedial in its nature and must be liberally construed to effect its beneficent purpose although it is in derogation of common law. See *Davis* v. *Bibb Mfg. Co.*, 75 *Ga. App.* 515 (43 S. E. 2d 780), wherein it is held that a liberal construction must be given to the Workmen's Compensation Act to effectuate the humane purposes for which it was enacted. See also *Lumbermen's Mutual Cas. Co.* v. *Griggs*, 190 *Ga.* 277, 287 (9 S. E. 2d 84). In the *Davis* case the court said at page 519: "In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion." In *Davison-Paxon Co.* v. *Ford*, 88 *Ga. App.* 890, 892 (788 S. E. 2d 257), it is held also: "No defect or inaccuracy in the notice shall be a bar to compensation unless the employer shall prove that his interest was prejudiced thereby, and then only to the extent of the prejudice." *James* v. *Fite*, 38 *Ga. App.* 759 (145 S. E. 536) is not applicable to the facts of the instant case inasmuch as there was no dispute as to notice in that case. Not so in the instant case. In *Railway Express Agency* v. *Harper*, 70 *Ga. App.* 795 (1) (29 S. E. 2d 434), the court said: "The evidence authorized the finding that the notice of injury given by the employee to one of his superiors, was sufficient." Also on page 796 of the same case the court held: "The board was authorized to find from the evidence that the employee notified Mr. Cain immediately that he thought he had hurt himself. The employer concedes that Mr. Cain was the employee's superior. The evidence is conflicting on the question

whether Mr. Cain referred the employee to another of his superiors, and also as to whether Mr. Cain reported to the other superior what the employee had told him. . . We do not understand that the notice of an injury must be given with a view to a claim of compensation at the time it is given. We think a notice is sufficient which will put the employer on notice of the injury so that he may make an investigation if he sees fit to do so. An employee should not be penalized because he did not consider his injury serious enough to contend immediately that he was entitled to compensation." See *Armour & Co.* v. *Little*, 83 *Ga. App.* 762 (64 S. E. 2d 707), wherein the court said: "Where the question is one of fact, the award will be affirmed if there is any competent evidence to sustain it . . . or if the evidence, construed in its light most favorable to the employer, would authorize the award (*Glens Falls Indemnity Co.* v. *Sockwell*, 58 *Ga. App.* 111, 114, 197 S. E. 647; *Merry Bros.* v. *Holmes*, supra [57 *Ga. App.* 281, 195 S. E. 223]). But where the award is based upon an erroneous conclusion drawn from the facts and the law applicable thereto, then it is proper for the judge of the superior court to reverse the award and to enter the proper judgment under the law and the facts of the case. *Glens Falls Indemnity Co.* v. *Clark*, 75 *Ga. App.* 453 (43 S. E. 2d 752); *Hall* v. *Kendall*, 81 *Ga. App.* 592 (1), 59 S. E. 2d 421)."

Let us remember the testimony of the claimant and the claimant's wife that she gave notice to the employer. She was definitely a representative of the claimant. It is to be remembered also that a fellow employee testified that the employer had notice by knowing of the injury. It is remembered also that the foreman got the claimant's time card and sent the claimant to the personnel office to be checked out, and the personnel officer through his agent (his secretary) gave instructions for the claimant to get a doctor's certificate; that the employer prepared a defense and appearance was made to defend the interest of the employer and/or the insurance carrier; that the employer and/or the insurance carrier had the claimant examined by two doctors, i.e., Dr. Rabun and Dr. Amburge; that the insurance carrier took a statement from V. S. Powell, a fellow worker of the claimant, and that numerous personnel of the employer testified at the hearing.

This shows diligence on the part of the employer and the insurance carrier to defend the claim. There is no evidence that their interests were prejudiced. The record shows that the claimant and his wife were ignorant regarding the Workmen's Compensation Act and the possible benefits to be derived therefrom, and in view of this it is our opinion that the act must be construed to take care of this humane element particularly in view of the fact that the claimant and his wife did very well indeed in giving notice. It has been held that where a claimant is uneducated and did not understand the difference between insurance and workmen's compensation he would not be estopped from receiving benefits of the Workmen's Compensation Act. See *Georgia Marble Co. v. McBee*, 90 *Ga. App.* 406 (83 S. E. 2d 253). And the record in the instant case shows that the claimant and his wife did not know of such difference.

In view of all the record in this case it is our opinion that the Superior Court of Chatham County erred in affirming the award of the full board of the State Board of Workmen's Compensation, such an award being the affirmance of the award of the single director, and the case should be remanded to the State Board of Workmen's Compensation as a de novo proceeding, to produce an award based on facts concerning the alleged injury and to make an award on said facts as the facts might authorize.

*Judgment reversed and remanded with direction. Townsend and Carlisle, JJ., concur.*