552 P.2d 764

Don C. ADAMS, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Karlson Machine Works, Inc., Respond-
ent Employer,

Employers Mutual Liability Insurance Com-
pany of Wisconsin, Respond-
ent Carrier.

No. 12681–PR.

Supreme Court of Arizona,
En Banc.

July 15, 1976.

Jerome & Gibson, P. C., by Richard A. Gibson, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, the Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca, by Merton E. Marks and R. Kent Klein, Phoenix, for respondents employer and carrier.

HAYS, Justice.

The Industrial Commission awarded petitioner Don C. Adams compensation based upon an 11% hearing loss of the left ear by an award dated October 31, 1974. A timely request for review was filed by petitioner culminating in the affirmance of the original award by The Industrial Commission. A writ of certiorari was thereafter granted by the Court of Appeals. The Court of Appeals set aside the award of The Industrial Commission. We accepted the petitions for review filed by respondents The Industrial Commission of Arizona, Karlson Machine Works, Inc., and Employers Mutual Liability Insurance Company of Wisconsin. The opinion of the Court of Appeals is vacated. *Adams v. Industrial Commission, et al.*, 26 Ariz.App. 289, 547 P.2d 1089 (1976).

The petitioner was injured as a result of an industrial accident that occurred on September 28, 1973. He was hammering lugs on a large tire rim when he suddenly developed a "loud roaring noise" in his head. This noise resulted, according to petitioner, in a loss of hearing, or ringing noise in both his right and left ears.

Dr. Jack Brooks, petitioner's physician, testified to an 11% loss of hearing in petitioner's left ear as a result of the industrial accident of September 28, 1973. Dr. Brooks arrived at this percentage by using the appropriate American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). When asked if another guide would more truly reflect petitioner's loss, Dr. Brooks replied that the Department of Labor standard more closely reflects the amount of functional loss, including petitioner's loss in the normal function of conversation not covered by the AMA Guides. The hearing officer ruled that he would not consider the 30% loss in the left ear computed by Dr. Brooks by using the United States Department of Labor standard, since The Industrial Commission Rules of Procedure provide that permanent impairment must be based on the AMA Guides. The hearing officer also ruled that the petitioner did not sustain his burden of proof that the hearing loss in the right ear was related to the industrial episode.

Petitioner presents two issues on appeal:

1. May the hearing officer refuse to consider evidence of petitioner's permanent impairment based on standards other than those contained in the AMA Guides?

2. Was the hearing officer in error in concluding that the hearing loss in the right ear was not causally related to the industrial accident of September 28, 1973?

▆ Petitioner argues that the AMA Guides may not be used to deprive a claimant of his just compensation. He notes that Rule 13(d) of the Rules of Procedure for Workmen's Compensation Hearings before The Industrial Commission of Arizona can be given an acceptable interpretation if the AMA Guides are mandatorily applied to the rating of the percentage of functional impairment only when it truly reflects the claimant's loss. We agree.

Chapter VIII of the AMA Guides states in its introduction:

"The purpose of this 'Guide' is to assist physicians by providing criteria for use in evaluating permanent impairment resulting from the principal dysfunctions of the ear, nose, throat, and related structures, and thereby to determine the corresponding percentage of permanent impairment in the terms of the whole man.

. . . . . .

In all cases special emphasis is expected on observations of an objective nature. When these are not readily available, *sound clinical judgment must be substituted.*" (Emphasis added).

The language of the introduction quoted above clearly defines the guide's purpose. The criteria presented therein, for the measurement of hearing impairment, is a guideline, not an all-encompassing rating of all possible hearing impairments. This limitation is ascribed to all 13 Guides in the *Preface* to the AMA Guides in the following language:

"Although a number of valuable contributions have been made in the past, the Committee has found no comprehensive practical system of the type necessary for the evaluation of permanent impairment by individual body systems or of the whole man. For this reason, the Committee undertook to prepare a series of 'Guides.' All of the 'Guides' have been developed after careful study of the literature and views of recognized authorities."

In a situation, like the present one, where the guide does not apply, it should not be used to limit the percentage of impairment to that portion which is rated therein. We hold that Rule 13(d) must be so interpreted that the AMA Guides apply exclusively to the evaluation of permanent impairment to the extent that the AMA Guides cover the specific impairment and

the percentage thereof. Beyond this, Rule 13(d) has no application.

Dr. Brooks also testified that he could not arrive at a medical conclusion concerning either the existence or absence of a loss of hearing in the right ear prior to the accident.

Petitioner argues that the lack of pre-accident medical evidence should not prevent him from establishing a hearing loss in both ears by lay testimony. This court will not disturb The Industrial Commission's findings if they can be "reasonably supported on any reasonable theory of the evidence. *Malinski v. Industrial Commission, supra,* [103 Ariz. 213, 439 P.2d 485]" *Perry v. Industrial Commission,* 112 Ariz. 397, 542 P.2d 1096 (1975). The record clearly indicates that there was evidence of a hearing impairment in the right ear prior to the industrial accident. The petitioner stated that his hearing had deteriorated in the right ear after the industrial accident but he did however admit to hearing loss in the right ear prior to the accident. There is no evidence as to the extent of hearing loss prior to the accident as compared with the post-injury impairment.

The Industrial Commission "may disregard self-serving testimony of an interested witness [the post-injury deterioration of hearing], except when corroborated by other credible evidence or disinterested testimony. *Muchmore v. Industrial Commission,* 81 Ariz. 345, 306 P.2d 272 (1957)." *McCormick v. Industrial Commission,* 96 Ariz. 88, 392 P.2d 299 (1964). We hold that The Industrial Commission's findings with respect to the right ear are supported by the evidence.

The award of The Industrial Commission is set aside in regards to petitioner's entitlement to an award of permanent loss of hearing in the left ear; the evidence indicates a 30% permanent loss as reflected by the foregoing discussion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.