## 58223. DURDEN v. LIBERTY MUTUAL INSURANCE COMPANY et al.

BANKE, Judge.

This is an appeal by the claimant from a judgment in favor of the employer and insurer in a workers' compensation case.

The claimant injured her left elbow and wrist as the result of repeatedly lifting objects during the course of her employment on a production line. After receiving disability compensation for a period of 75 weeks, she filed a claim for specific member loss pursuant to Code Ann. § 114-406. At the hearing on this claim, the claimant testified that she continued to suffer intense pain in the arm and that because of this pain she could no longer do any heavy lifting. The examining physician reported as follows: "Using the AMA Guide to Physical Impairment, we note that Mrs. Durden has a full range of motion of her elbow, forearm and wrist and, therefore, has no measurable impairment of her joint motion. According to the Guide, she would, therefore, be rated at zero impairment. This does not mean that she is not for certain occupations disabled. We feel that disability is an administrative or judicial term. Percentage disability determination should be made by an administrative or judicial body. They should take into account not only the patient's measurable physical impairments but also the nature of the job to be performed and other administrative details such as other employment options available to the patient, etc."

Based on her testimony, the administrative law judge found that the claimant had suffered "a 20% loss of use of her left arm caused by pain." The employer and insurer appealed to the state board, which remanded the case with orders that another medical opinion be obtained. The second physician reported essentially the same findings as the first, concluding as follows: "Indeed this is a hard one to determine, certainly with the full range of motion, what appears to be a normal evaluation. According to our [AMA] guide, she would not have a disability rating." Based on this additional evidence, the full board reversed the administrative law judge and

assigned a zero disability rating to the claimant's arm. The superior court affirmed, and this appeal followed. *Held:*

There is nothing in the record to controvert the claimant's testimony that she has continued to suffer disabling pain in her left arm ever since her on-the-job injury. The additional medical evidence ordered by the board does not bear on the question one way or the other, but merely reaffirms the first physician's conclusion, based on the AMA guide, that there is no physical impairment of the arm because there is no impairment of joint motion.

While pain itself is not compensable under Code Ann. § 114-406, a compensable loss of use nevertheless results where the pain is so severe that "the human mechanism must cease the use rather than bear the pain . . ." *Williamson v. Aetna Cas. &c. Co.,* 101 Ga. App. 220, 224 (113 SE2d 208) (1960). While direct evidence of pain is always subjective, the claimant's testimony in this case is supported by both of her medical diagnoses, which indicate that she suffers from "calcific lateral epicondylitis, or tennis elbow." There is no indication that either physician considered pain in making his determination that there was no physical impairment, but instead each concentrated solely on the fact that the claimant still possessed full range of motion in her joints. The claimant's testimony that she was forced to take a lesser paying job due to the pain involved in lifting things with her arm was thus uncontroverted, and the conclusion of the board that she had not suffered a specific member loss is without evidence to support it.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 19, 1979.

*Doye E. Green,* for appellant.
*Mallory C. Atkinson, John D. Reeves,* for appellees.