## 62491. BOULDWARE v. DELTA CORPORATION AND AETNA CASUALTY & SURETY COMPANY.

QUILLIAN, Chief Judge.

This is an appeal from a judgment of the superior court which affirmed the award of the State Board of Workers' Compensation.

The issue before the State Board of Workers' Compensation was whether the claimant had a superadded injury and whether the injury resulted in disability to his shoulder or was confined to his arm. The award stated that the disability was confined to the arm.

Therefore, under the board's award the compensation due the claimant would be controlled by provisions of Code Ann. § 114-406 (Code § 114-406, as amended through Ga. L. 1978, pp. 2220, 2222) rather than Code Ann. § 114-404 (Code § 114-404, as amended through Ga. L. 1978, pp. 2220, 2222) which would have been applicable if the disability had been found to be to the shoulder. *Gentry v. Ga. Cas. & Surety Co.,* 107 Ga. App. 888 (131 SE2d 788); *Gulf American Fire & Casualty Co. v. Herndon,* 113 Ga. App. 678 (149 SE2d 404).

The findings of fact of the administrative law judge stated in part: ". . . Assuming that disability to the shoulder constitutes a superadded injury or disability to the body as a whole, I do not feel that the evidence in this case supports claimant's contention. While it is true that claimant testified and Dr. Watson recognized after his examination of the claimant on August 11, 1978 that claimant was still suffering some proximal radiation of discomfort to the right forearm, elbow, arm and shoulder, I do not equate pain or discomfort with disability . . ." This portion of the findings of fact was adopted by the board in its award.

The statement that "I do not equate pain or discomfort with disability . . ." was an erroneous conclusion of law. While it is true that pain alone is not compensable, however, where the pain is so severe that the human mechanism must cease rather than bear the pain a compensable loss occurs. *Durden v. Liberty Mutual Ins. Co.,* 151 Ga. App. 399, 400 (259 SE2d 656); *Williamson v. Aetna Casualty &c. Co.,* 101 Ga. App. 220, 224 (113 SE2d 208).

While the evidence would have supported the award it is clear that the award was based on an erroneous legal theory. " 'If an award of the State Board of Workmen's Compensation is authorized by any competent evidence, it must be affirmed even if the board or hearing director considered illegal evidence or assigned erroneous reasons for the award, provided that the award was not based upon an erroneous legal theory which precluded the consideration by the board or hearing director of evidence which, if the same had been considered, would have authorized a contrary result.' *Fidelity &c. Co. v. Hodges,* 108 Ga. App. 474 (1) (133 SE2d 406). However, where it affirmatively appears that the award is based upon an erroneous legal theory, and that for this reason the board has not considered all of the evidence in the light of correct and applicable legal principles, the case should be remanded to the board for further findings. *Barbree v. Shelby Mutual Ins. Co.,* 105 Ga. App. 186 (123 SE2d 905)." *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 247 (141 SE2d 223).

*Judgment reversed with direction it be remanded to the board for further findings in conformance with this opinion. McMurray,*

*P. J., and Pope, J., concur.*

Decided October 20, 1981.

*Kenneth C. Pollock,* for appellant.
*Roger Cone,* for appellee.