## A89A0163. SUTTON v. QUALITY FURNITURE
## COMPANY et al.
(381 SE2d 389)

Banke, Presiding Judge.

The claimant in this workers' compensation case sustained a compensable injury to both elbows in May of 1983, for which he received temporary total disability benefits. Following his return to work, he filed the present claim to recover permanent partial disabil-

ity benefits based on residual pain caused by chronic tendinitis attributable to the injury. At issue in this appeal is whether, under current Georgia law, permanent partial disability benefits are recoverable for a physical impairment caused solely by pain. The administrative law judge, the board, and the superior court answered this question in the negative, concluding that OCGA § 34-9-1 (5), quoted infra, requires disability or bodily loss ratings to be based upon the "Guides to the Evaluation of Permanent Impairment" published by the American Medical Association, which evidently provide no methodology for the evaluation of physical impairment based solely on pain.

The claimant's two treating physicians each gave him a permanent partial disability rating of 15 percent. One of these physicians stated simply that his rating was "based on the pain secondary to your chronic tendinitis," while the other stated: "He has loss of motion with the pain-spasm-pain cycles during periods of exacerbation. This is the primary reason . . . I have chosen a 15% rating." A third physician, employed by the employer/insurer to conduct an evaluation, gave the claimant a 0% disability rating, with the following explanation: "[W]hen Georgia statutory guidelines are applied, there is no impairment of either upper limb due to involvement of his elbows. Have indicated that this does not mean he does not experience pain nor does it mean that his use is totally normal. He does appear to understand distinctions between impairment and disability."

Although no copy of the pertinent AMA standards appears in the record, the parties appear to be in agreement that the Guides make no provision for the rating of disability based solely on pain. As part of his medical evidence in the case, the claimant submitted a letter from the Director of the American Medical Association explaining that "AMA's and other's guides' near silence on pain . . . is not due to failure to recognizing (sic) pain as a potentially chronically impairing condition, but due to our inabilities to agree upon methods of evaluating or measuring pain." *Held:*

There is no question that prior to the enactment of OCGA § 34-9-1 (5) in 1982 (see Ga. L. 1982, pp. 2485, 2486), permanent partial disability benefits could be awarded based on physical impairment resulting solely from pain. See, e.g., *Durden v. Liberty Mut. Ins. Co.,* 151 Ga. App. 399, 400 (259 SE2d 656) (1979) (holding that "[w]hile pain is not itself compensable under [OCGA § 34-9-263], a compensable loss of use nevertheless results where the pain is so severe that 'the human mechanism must cease the use rather than bear the pain' [Cit.])." Accord *Bouldware v. Delta Corp.,* 160 Ga. App. 100, 101 (286 SE2d 333) (1981). Moreover, there would appear to be no question that wage-loss benefits for *total* disability may still be awarded on the basis of impairment resulting from pain. See, e.g., *State of Ga. v. Graul,* 181 Ga. App. 573 (353 SE2d 70) (1987). However, the adminis-

trative law judge, the full board, and superior court agreed that because the pertinent AMA Guides do not provide for the evaluation or measurement of partial impairment based solely on pain, OCGA § 34-9-1 (5) precludes any award of permanent partial disability benefits for such impairment.

We disagree for two reasons. First, and foremost, the Code section does not mandate absolute reliance on the AMA Guides but instead provides as follows: "In all cases arising under [this chapter], any percentage of disability or bodily loss rating shall be based upon 'Guides to the Evaluation of Permanent Impairment' published by the American Medical Association *or any other recognized medical books or guides*." OCGA § 34-9-1 (5). (Emphasis supplied.) Cf. *General Motors Corp. v. Summerous*, 170 Ga. App. 338 (317 SE2d 318) (1984) (holding that psychiatric evidence offered by a claimant to support his claim for permanent partial disability benefits based on mental illness was not invalidated by the psychiatrist's lack of reliance of the AMA Guide, particularly where the degree of impairment calculated by the witness was consistent with the Guides). Second, it would appear that the AMA Guides do not themselves prohibit the assessment of disability or bodily loss ratings based solely on pain but instead simply fail to address the issue one way or the other.

In other jurisdictions which have confronted the issue, it has been held that where the AMA Guides do not purport to cover a particular type of impairment, a statute or rule requiring their use in calculating disability ratings has no application. For example, in *Adams v. Indus. Comm.*, 113 Ariz. 294 (552 P2d 764) (1976), the Arizona Supreme Court held that a rule mandating the use of the AMA Guides "must be so interpreted that the AMA Guides apply exclusively to the evaluation of permanent impairment to the extent that the AMA Guides cover the specific impairment and the percentage thereof. Beyond this, [the rule] has no application." Id. at 765-6. Accord *Gomez v. Indus. Comm. of Ariz.*, 148 Ariz. 565 (716 P2d 22) (1986). Similarly, in *Dayron Corp. v. Morehead*, 509 S2d 930, 931 (Fla. 1987), the Florida Supreme Court held that "[w]hen an injury is not covered by the AMA Guides, it is permissible to rely upon medical testimony of permanent impairment based upon other generally accepted medical standards." Accord *OBS Co. v. Freeney*, 475 S2d 947 (Fla. App. 1985) (where the claimant was forced to cease work as a plasterer after developing an allergic reaction to wet cement, yet no disability would have been recognized under the AMA Guides because his allergy did not affect his everyday activities so long as he did not engage in such work). See also *Quality Petroleum Corp. v. Mihm*, 424 S2d 112, 113-114 (Fla. App. 1982).

We find these authorities to be persuasive; and, based on their reasoning, as well as on the fact that OCGA § 34-9-1 (5) does not

mandate exclusive reliance on the AMA Guides, we hold that the administrative law judge, the board, and the superior court were in error in concluding that the AMA Guides precluded any award of permanent partial disability benefits in the present case as a matter of law.

The cases cited by the employer/insurer do not constitute authority for a contrary conclusion inasmuch as they do not address the issue of whether a statute or rule mandating the use of the AMA Guides in calculating physical impairment ratings operates to bar any recovery for a type of impairment which the Guides do not purport to address. See *Special Idem. Fund v. Stockton*, 653 P2d 194 (Okla. 1982); *Humphrey v. David Witherspoon, Inc.*, 734 SW2d 315 (Tenn. 1987); *Sumrall v. Crown Zellerbach Corp.*, 525 S2d 272 (La. App. 1988). As for the employer/insurer's contention, based on 2 Larson, Workers' Compensation Law, § 57.14 (h-j), that compensation should never be awarded for an injury except to the extent it results in wage loss, this argument should be addressed to the legislature rather than to this court, inasmuch as OCGA § 34-9-263 (b) (1) specifies that payments for permanent partial disability generally are to be made "without regard to whether the employee has suffered economic loss as a result of the injury. . . ."

For the foregoing reasons, the judgment of the superior court is reversed with direction that the case be remanded to the board for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong, Pope and Benham, JJ., concur. Sognier and Beasley, JJ., dissent.*

SOGNIER, Judge, dissenting.

I respectfully dissent. While I agree with the majority that OCGA § 34-9-1 (5) contemplates the use of recognized disability ratings guides other than the AMA Guides to Evaluation of Permanent Impairment, I find no authority for use of a physician's subjective opinion made without reference to *any* disability ratings guide.

The statute clearly authorizes the use of "recognized medical books or guides" in calculation of disability or bodily loss ratings. OCGA § 34-9-1 (5); see Ga. Laws 1982, p. 2485, amending former Code Ann. § 114-102 (now OCGA § 34-9-1) to "provide for the use of certain guides to the evaluation of permanent impairment." However, in the case at bar there is no evidence appellant's physicians consulted any ratings guides when formulating their opinions. Dr. Sidney Bell stated in his letter, admitted into evidence below, that he assigned appellant a disability rating of fifteen percent "based on the pain secondary to your chronic tendinitis," and that "I cannot rate [appellant] by the AMA guidelines, I can only rate him due to his pain." Dr. Jerry Weaver agreed with Dr. Bell's percentage loss rating

because of appellant's "loss of motion with the pain-spasm-pain cycles during periods of exacerbation." Neither physician mentioned the use of any other recognized guide in his evaluation.

The cases cited by the majority as persuasive do not support the majority's conclusion that the medical opinions submitted in the instant case were sufficient under Georgia law. In *Adams v. Indus. Comm.*, 113 Ariz. 294 (552 P2d 764, 765) (1976), the claimant's physician computed the impairment percentage by a published United States Department of Labor standard, whereas the medical experts in the case at bar based their opinions solely upon subjective assessments of appellant's condition without apparent reference to any "recognized medical books or guides" as required by OCGA § 34-9-1 (5). The Florida cases the majority cites, *Dayron Corp. v. Morehead*, 509 S2d 930 (Fla. 1987); *OBS Co. v. Freeney*, 475 S2d 947 (Fla. App. 1985); and *Quality Petroleum Corp. v. Mihm*, 424 S2d 112 (Fla. App. 1982) are not authoritative because each construes a Florida statute which *permits* but does not *require* the use of "generally accepted schedules" such as the AMA Guides. See *Dayron*, supra at 931, n. 2. Similarly, in *Gomez v. Indus. Comm.*, 148 Ariz. 565 (716 P2d 22) (1986), although the court discussed the procedure to be used when the AMA Guides do not address the claimant's loss, it then found the AMA Guides provided an accurate measure of the degree of impairment at issue and thus did not determine what alternative standard would have been sufficient.

I find that OCGA § 34-9-1 (5) requires that a disability rating be based either on the AMA Guides or upon another published book or guide recognized by the medical profession, and as there is no evidence the medical opinions here were based upon such alternative guides I would affirm the judgment of the superior court.

I am authorized to state that Judge Beasley joins in this dissent.

DECIDED MARCH 13, 1989 —
REHEARING DENIED APRIL 10, 1989 —

*Mundy & Gammage, E. Lamar Gammage, Jr., George E. Mundy,* for appellant.

*Judy Greenbaum Croy,* for appellees.