A96A0456. CRIDER'S FURS, INC. et al. v. ATKINSON.
(472 SE2d 507)

JOHNSON, Judge.

Kevin Atkinson injured his back while working for Crider's Furs in December 1992. He underwent back surgery in March 1993. Although Atkinson continued to experience pain and movement limitations related to his back condition, he continued to work for Crider's Furs until July 1993, when he left his job for reasons unconnected with his back injury.

Atkinson immediately began a new job with a different employer. He continued to experience symptoms of back injury, how-

ever, and as a result stopped working in January 1994 and has not been employed since. He underwent a second back operation in February 1994 and was released to work by his surgeon effective June 15, 1994. Atkinson later had further back symptoms, however, and consulted a different doctor in September 1994, who examined him but prescribed no treatment.

Atkinson pursued a claim for workers' compensation benefits against Crider's Furs, contending he should be found totally disabled from January 1994 onward. An administrative law judge ("ALJ") heard the claim and awarded temporary total disability benefits from January 25, 1994, to June 15, 1994, and no benefits thereafter. The State Board of Workers' Compensation adopted the ALJ's decision as its own. Atkinson then appealed to the Superior Court of Coffee County, which reversed the State Board's decision and ordered total disability benefits to be paid from June 16, 1994, onward. Crider's Furs appeals. We reverse.

The factual findings of the State Board of Workers' Compensation, in the absence of fraud, are binding upon the courts so long as there is "sufficient competent evidence in the record to warrant" them. OCGA § 34-9-105 (c) (4); *Iso-Graphics v. Evans*, 205 Ga. App. 880, 881 (424 SE2d 24) (1992). The courts may, however, review the Board's legal conclusions. OCGA § 34-9-105 (c) (5); see *Bouldware v. Delta Corp. &c.*, 160 Ga. App. 100, 101 (286 SE2d 333) (1981).

The ALJ framed her factual finding of no disability after June 15, 1994, as a choice between conflicting medical opinions, stating that the first physician found Atkinson to have no restrictions after that date, and that the second physician found Atkinson totally disabled. There is no evidence in the record to support such a characterization of either physician's opinion. In fact, the first physician found that Atkinson had a 15 percent permanent disability of the body as a whole as a result of objective permanent physical damage that would certainly cause back pain, and was consistent with Atkinson's complaints of leg pain. Though the first physician himself imposed no specific limitations upon Atkinson, he stated that Atkinson should impose his own limitations based upon what activities caused him pain.

The second physician's opinion was in near complete agreement. He found that Atkinson had a ten percent permanent disability of the body as a whole. Other pertinent medical evidence in the record, not mentioned by the ALJ's decision, substantially comports with the two opinions just discussed.

The ALJ's legal analysis was apparently focused solely on the question of whether Atkinson was entitled to benefits for total disability under OCGA § 34-9-261. We have no quarrel with the finding that he was not. But the ALJ failed to make any factual findings or

legal conclusions regarding whether Atkinson's indisputable permanent pain amounts to a permanent partial disability which would entitle him to benefits under OCGA § 34-9-263. See generally *Sutton v. Quality Furniture Co.*, 191 Ga. App. 279, 280-281 (381 SE2d 389) (1989). The ALJ's consideration of the evidence thus apparently was not "in the light of correct and applicable legal principles, [and] the case should be remanded to the board for further findings." (Citations and punctuation omitted.) *Bouldware*, 160 Ga. App. at 101.

We do not find the evidence to demand as a matter of law the superior court's finding of total disability. See generally *Coulter v. Royal Indem. Co.*, 95 Ga. App. 124, 127 (97 SE2d 358) (1957), rev'd on other grounds, 213 Ga. 277 (98 SE2d 899) (1957). We therefore reverse the superior court and direct that the case be remanded to the Board pursuant to OCGA § 34-9-105 (d) for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 11, 1996.

*Kissiah & Richter, James W. Richter*, for appellants.
*Farrar & Hennesy, Curtis Farrar, Jr.*, for appellee.