NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARIA RUBIO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

MARICOPA COUNTY SPECIAL HEALTH CARE DISTRICT, *Respondent Employer*,

SENTRY INSURANCE A MUTUAL COMPANY, *Respondent Carrier*.

No. 1 CA-IC 19-0022
FILED 4-23-2020

Special Action - Industrial Commission
ICA Claim Nos.  20150-500442, 20160-490151
Carrier Claim Nos. 55C187218, 55C257067
The Honorable Jonathan Hauer, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Snow Carpio & Weekley PLC, Phoenix
By Erica Rose Gonzalez-Melendez
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent, ICA*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By Lisa M. LaMont, Danielle S. Vukonich
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Petitioner Maria Rubio challenges the Administrative Law Judge's ("ALJ") finding that she suffered no permanent impairment following the reopening of her claim. Although previously found to have a 10 percent unscheduled permanent impairment, Rubio subsequently underwent additional treatment—including surgery—and her treating physician opined that she no longer has a permanent impairment. The ALJ accepted the treating physician's opinion and concluded that Rubio is entitled to additional supportive care, but not a permanent impairment compensation payment. We find the ALJ's decision is supported by substantial evidence and affirm.[1]

**BACKGROUND**

¶2        Rubio injured her left shoulder in February 2015, when she lifted a heavy trash bag over her head to throw it into a garbage bin. At that time, she was working for Maricopa County Special Health Care District. Because of the injury, she had surgery that included a rotator cuff repair and a distal clavicle excision. In November 2015, Respondent Sentry Insurance ("Sentry") issued notices closing the claim and stating that Rubio had suffered an unscheduled permanent disability with 10 percent permanent impairment of the upper left extremity. In May 2016, the Industrial Commission of Arizona ("ICA") issued an award based on the Sentry[2] notices, agreeing that Rubio had suffered a 10 percent "general

---

[1]        Although two claims are consolidated for appeal in this matter, Rubio appeals only the award made in the Decision Upon Review for ICA Claim No. 20150-500442. Therefore, ICA Claim No. 20160-490151 will not be addressed in this decision.

[2]        We use "Sentry" hereafter to refer to the actions and positions of both Respondents throughout the proceedings.

physical functional disability" but finding that she had no loss of earning capacity as a result of the impairment.

¶3        A few months later, Rubio filed a Petition to Reopen her shoulder claim, arguing she needed arthroscopic surgery based on the opinion of her treating physician, Dr. Brad Cucchetti. In February 2017, after an evidentiary hearing, the ALJ issued an award in favor of Rubio allowing her to reopen her claim to assess ongoing medical care for her shoulder. Rubio had a second surgery, followed by post-operative care. In March 2018, Sentry issued a Notice of Claim Status closing the claim a second time—this time with no permanent impairment. This finding was supported by Dr. Cucchetti's progress note stating that Rubio had reached "maximum medical improvement with no impairment rating." Rubio promptly requested a hearing.

¶4        At the hearing, Dr. Cucchetti testified in support of his December 2017 progress note. He described the results of the arthroscopic surgery and confirmed his opinion that Rubio's condition was medically stationary with no permanent impairment. Rubio, through her attorney, had the opportunity to ask how Dr. Cucchetti reached his conclusion that she had no permanent impairment, but did not do so.

¶5        Dr. Gary Dilla also testified at the hearing. He performed an Independent Medical Examination ("IME") on Rubio in April 2018. He agreed with Dr. Cucchetti that Rubio was medically stationary. But, he disagreed with Dr. Cucchetti's conclusion that Rubio had no permanent impairment. Because of the distal clavicle excision performed in 2015, he opined that the AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition, ("AMA Guides") called for a 10 percent permanent impairment rating of the upper left extremity. His opinion, that the AMA Guides require ascribing a permanent impairment rating, directly conflicts with Dr. Cucchetti's opinion that Rubio suffered no permanent impairment.[3]

¶6        The ALJ issued a decision in January 2019 awarding supportive care as recommended by Dr. Cucchetti but did not address whether Rubio had a permanent impairment.[4] In a request for review,

---

[3]        Dr. Cucchetti was never asked about the AMA Guides and whether they require attributing a permanent impairment rating in Rubio's case.

[4]        Even though the ALJ's findings of fact recite Dr. Dilla's testimony regarding a permanent impairment rating, the ALJ specifically found that

Rubio asked the ALJ to confirm her previous permanent impairment rating. She argued that the testimony of Dr. Dilla and the 2015 Notice of Claim Status ("2015 Notice") required that the ALJ find a 10 percent permanent impairment of the upper left extremity. In response, Sentry agreed that the ALJ should rule on the permanent impairment issue but disagreed that the evidence showed Rubio had a permanent impairment. Sentry argued the ALJ should adopt Dr. Cucchetti's opinion on that issue, and that the 2015 Notice did not bind the ALJ.

**¶7**        In a Decision Upon Review, the ALJ found Dr. Cucchetti's opinion to be "most-probably correct and well founded." He concluded that Rubio sustained no permanent impairment from her shoulder injury. Rubio filed a statutory special action seeking review of the Decision Upon Review in ICA Claim No. 20150-500442.

## DISCUSSION

**¶8**        In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002). We will only set aside the findings when they are not supported by substantial evidence. *Lowry v. Indus. Comm'n*, 92 Ariz. 222, 224 (1962). We do not disturb the ALJ's findings unless they cannot be "supported on any reasonable theory of evidence." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987).

**¶9**        Rubio's primary argument on appeal is that the ALJ was bound to find a 10 percent impairment by applying principles of *res judicata* to the 2015 Notice. But the statute allowing for claims to be reopened states that "[t]he reopened claim shall be processed thereafter in like manner as a new claim." A.R.S. § 23-1061(I); *see Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 15 (1985) ("The vehicle of reopening is designed to mitigate the harsh consequences of general *res judicata* principles, which would preclude any reexamination of an applicant's claim once it has been litigated and finally closed."). Res judicata, in the context of workers compensation, differs from the application of this doctrine in the civil context. *Pima County Bd. of Supervisors v. Indus. Comm'n*, 149 Ariz. 38, 43 (1986) (explaining the doctrine of res judicata applies differently in

---

the rating was not at issue as to Dr. Dilla and Dr. Cucchetti's testimony due to statements made by petitioner's counsel just before Dr. Cucchetti testified.

compensation cases because they " balance the need for finality and judicial efficiency against the need for continuing jurisdiction to effectuate the purposes of the act and to accommodate changes in earning capacity caused by either the employee's physical condition or the labor market").

¶10　　　　Here, the ALJ granted Rubio's petition to reopen the 2015 shoulder claim. Under A.R.S. § 23-106(I), Rubio's reopened claim was required to be processed as a new claim. This necessarily required the court to enter a new permanent impairment rating after further treatment had been completed. The plain language of the statute dictated this result.

¶11　　　　While arguing the preclusion issue, especially in the request for review filed with the ALJ, Rubio asserted that the evidence supported Dr. Dilla's opinion regarding permanent impairment and not Dr. Cucchetti's. Determination of permanent impairment is a medical question necessitating medical opinion testimony. *Alsbrooks v. Indus. Comm'n*, 118 Ariz. 480, 482 (1978). "An accurate factual foundation is a necessary element of a legally sufficient opinion." *Aguiar v. Indus. Comm'n*, 165 Ariz. 172, 173 (App. 1990).

¶12　　　　Dr. Dilla testified that Rubio still had a 10 percent permanent disability rating based on the distal clavicle excision from 2015. He testified that he followed the AMA Guides to reach that conclusion. *See Adams v. Indus. Comm'n*, 113 Ariz. 294, 295 (1976) ("[T]he AMA Guides apply exclusively to the evaluation of permanent impairment to the extent that the AMA Guides cover the specific impairment."); A.A.C. R20-5-113(B) (doctors are required to use AMA Guides when rating impairments).

¶13　　　　While A.A.C. R20-5-113(B) does not mandate a rating of impairment, it requires that any such rating, if made, apply the evaluation standards outlined in the AMA guidelines. Here, there was conflicting medical testimony—one doctor stated Rubio continues to have a 10 percent impairment based on the AMA Guides, the other doctor stated Rubio suffers no impairment. Because Dr. Cucchetti did not find any impairment, he was not required to apply the AMA Guides to quantify the absence of any impairment. When conflicting testimony is presented to the ALJ, it is up to the judge to decide which testimony to accept and which to reject in reaching a decision. *Stainless Specialty Mfg. Co. v. Indus. Comm'n* 144 Ariz. at 19.

¶14　　　　Here, the record contains Dr. Cucchetti's medical opinion that Rubio has no permanent impairment both in his written progress note as well as his testimony provided at the hearing. Rubio, through her attorney,

had ample opportunity to cross-examine Dr. Cucchetti and challenge his opinion, but did not do so. This left the ALJ free to accept or reject either doctor's opinion regarding the existence of an ongoing impairment. The ALJ found Dr. Cucchetti, Rubio's treating physician, more credible.

## CONCLUSION

¶15 Because the ALJ's decision is supported by Dr. Cucchetti's medical opinion that Rubio had no permanent impairment, we affirm the ALJ's Decision Upon Review.

