NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMES SENA, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

VIVINT SOLAR, INC., ARIZONA, *Respondent Employer*,

AMERICAN ZURICH INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 19-0045
FILED 7-7-2020

Special Action - Industrial Commission
ICA Claim No.  20162-080084
Carrier Claim No. 2010276295
The Honorable C. Andrew Campbell, Administrative Law Judge

**AFFIRMED**

COUNSEL

Day Law Office, Mesa
By Linda C. Day and John F. Day
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Norton & Brozina PC, Phoenix
By Rachel Parise Brozina, Kevin E. Karges
*Counsel for Respondent Employer and Carrier*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1        James Sena appeals from an Industrial Commission of Arizona ("ICA") award that finds he has an 18% permanent impairment of his left foot and ankle. He asserts that the administrative law judge erred by not finding a 60% impairment. We conclude that the evidence supports the award and affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Sena severely fractured his left foot and ankle when he fell from a ladder while working for Vivint Solar, Inc. in July 2016. His worker's compensation claim was accepted. His treatment included three ankle surgeries over the next year. In February 2018, his orthopedic surgeon, Dr. Stanley C. Graves, discharged him as medically stationary with a permanent impairment rating of 60% of the lower left extremity. Based on an Independent Medical Examination ("IME") performed by orthopedic surgeon Dr. John Nassar, the carrier, American Zurich Insurance Co., assigned Sena a permanent impairment rating of 18%. Sena requested a hearing, and the administrative law judge (ALJ) heard testimony from Sena and both doctors.

¶3        Dr. Graves testified that he performed a triple arthrodesis, which is a fusion of three ankle joints. He also surgically corrected two toes that were clawed by the surgery. The surgeries left Sena's foot permanently malaligned. When Sena had fully healed, Dr. Graves released him to work, but directed him to remain on level surfaces and not stand for more than four hours cumulatively in an eight-hour workday. Dr. Graves testified that when rating the permanency of Sena's impairment, he used the American Medical Association Guides to the Evaluation of Permanent Impairment, Sixth Edition ("AMA Guides"), for foot and ankle region. But Dr. Graves did not use the category applicable to triple arthrodesis. Instead, he used

the category for a tibial to calcaneal fusion, a different surgery that fuses two joints and leaves the ankle immobile. He found that, even though Sena had not undergone the tibial to calcaneal fusion, that category better fit Sena's post-operative ankle condition, including malalignment and stiffness in movement. He also testified that the severity of the loss of function in Sena's left ankle warranted a classification by the AMA Guides of Class 4 ("very severe") due to the malalignment. By the AMA Guide classification for the tibial to calcaneal fusion category, Sena had a 60% permanent impairment. Dr. Graves testified that Sena's impairment was "more severe" than Dr. Nassar found. On cross-examination, Dr. Graves opined that Sena had "at least 10 degrees of valgus" (outward bend) in the left foot, which the AMA Guides classify as severe malalignment resulting in a 60% impairment rating, even under the triple arthrodesis category.

**¶4**        Dr. Nassar agreed that Sena has a permanent impairment. He testified that when he examined Sena in March 2018, Sena had a functional range of motion with mild stiffness. Concerning standing alignment, Dr. Nassar testified that Sena had a slight valgus position in the left foot as compared to the right foot. He found less than a 10-degree malalignment. Using the AMA Guides for triple arthrodesis, a less than 10-degree malalignment is classified as Class 2 (mild malalignment), which results in a 16% impairment. He added 2% to the rating for the two toes that were affected, for a total lower left extremity impairment of 18%. He disagreed with Dr. Graves' use of the tibial to calcaneal fusion category, noting that Sena's ankle was not rigid. Instead, Dr. Nassar found Sena's ankle functional with only mild loss of range of motion. On cross-examination, he admitted that his IME report states that Sena has "about 10 degrees additional valgus compared to the right."

**¶5**        The ALJ relied on Dr. Nassar's opinion as more credible than Dr. Graves'. In his award, the ALJ found Sena has an 18% permanent impairment to his left lower extremity. In a request for administrative review, Sena argued that the ALJ should find a greater impairment based, in part, on Dr. Nassar's IME report that Sena has "about 10 degrees additional valgus." The ALJ affirmed the decision on review, stating that neither medical expert witness testified to a 10-degree malalignment.

## DISCUSSION

**¶6**        In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003). The injured employee bears the burden of establishing each element of a claim. *Yates v. Indus. Comm'n*,

116 Ariz. 125, 127 (App. 1977). When an injury would not be apparent to a layperson, expert medical testimony is required to establish "the existence and extent of any permanent impairment." *Gutierrez v. Indus. Comm'n*, 226 Ariz. 1, 3, ¶ 5 (App. 2010), *aff'd in part in* 226 Ariz. 395 (2011). Viewing the evidence in the light most favorable to sustaining an award, we will affirm the decision unless there is no reasonable basis for it. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶7**        The AMA Guides are used to rate the percentage of impairment upon discharge of a worker's compensation claimant. Ariz. Admin. Code R20-5-113(B). Sena does not challenge the ALJ's use of the triple arthrodesis category to assess his impairment. The dispute between the parties is whether Sena has a 10-degree malalignment. Sena argues that both medical experts found a 10-degree malalignment. The record does not support this argument. While Dr. Nassar's IME report stated that Sena's malalignment was "about 10 degrees," the report also described the malalignment as "within 10 degrees." Moreover, Dr. Nassar testified that the malalignment was "less than 10 degrees." Given this record, we cannot say that the ALJ's finding that the malalignment was less than 10 degrees was wholly unreasonable.

**¶8**        Finally, citing *Camis v. Indus. Comm'n*, 4 Ariz. App. 312 (1966), Sena argues that the ALJ erred by not adopting Dr. Graves' severity rating because Sena is not able to return to his previous employment, and Dr. Graves' rating would give Sena a greater benefit. In *Camis*, we held that a claimant who is legally entitled to compensation under either of two scheduled disabilities is entitled to the one that would give him the greater benefit. *Id.* at 315. *Camis* is distinguishable here because Sena was not entitled to either of two scheduled disabilities. The choice was between the opinions of two medical experts. The ALJ's decision in this matter was reasonable.

**¶9**        Sena also argues that the AMA Guides do not adequately address his condition. But his own expert witness did not even testify to this point and the ALJ adopted Dr. Nassar's opinions, who expressed no doubt that the AMA Guides adequately covered Sena's impairment. *See Adams v. Indus. Comm'n*, 113 Ariz. 294, 295–96 (1976) (holding that AMA Guides apply exclusively to the evaluation of permanent impairment insofar as they cover the specific impairment and percentage thereof).

## CONCLUSION

¶10 The record supports the ALJ's finding that Sena's malalignment is less than 10 degrees. We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA